IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

 JUN 23 PM 2: 13

CLERK _B. West_
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, SAVANNAH-CHATHAM COUNTY FAIR HOUSING COUNCIL, INC., JERALD WILLIAMS, AMANDA WILLIAMS, and TERESA ODUMS | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 4:07-cv-125 |
| v. | ) ) | |
| DARWIN KENNETH MORGAN; and D.K. MORGAN CONSOLIDATED LLC | ) ) ) | |
| Defendants. | ) ) ) | |

## CONSENT DECREE

### I. INTRODUCTION

1.  This action was filed by the Savannah-Chatham County Fair Housing Council, Inc.,

    Jerald Williams, Amanda Williams, and Teresa Odums (collectively "private Plaintiffs")

    against Defendants Darwin K. Morgan d/b/a Morgan Mobile Park and D.K. Morgan

    Consolidated, LLC d/b/a Morgan Mobile Park (collectively "Defendants") alleging

    violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), and Section 1982

    of the Civil Rights Act of 1866, 42 U.S.C. § 1982. Specifically, the private Plaintiffs

    allege that Defendants violated federal law by engaging in a pattern or practice of

    discrimination on the basis of race, color and sex in connection with the ownership or

    operation of dwellings at mobile home parks in Bloomingdale, Georgia (hereinafter

    "Morgan Mobile Home Parks").

2. A separate action was filed by the United States to enforce the provisions of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. The United States alleges that Defendants have engaged in discrimination on the basis of race or color in violation of 42 U.S.C. §§ 3604(a), (c), and (d), and on the basis of sex, in violation of 42 U.S.C. §§ 3604(a) and (b) and 3617. The United States alleges that Defendants' conduct constitutes a pattern or practice of discrimination on the basis of race or color and sex or a denial of rights to a group of persons that raises an issue of general public importance, in violation of 42 U.S.C. § 3614, in the rental of dwelling units at Morgan Mobile Home Parks.

3. The United States further alleges that Defendant D.K. Morgan Consolidated, LLC is liable for the discriminatory conduct of its agent and manager, Defendant Darwin K. Morgan, because the conduct occurred within the scope of his employment and/or agency.

4. Specifically, the United States alleges that Defendants have engaged in housing practices that discriminate on the basis of race or color and sex, including:

   a. Denying the availability of mobile homes and/or mobile home lots to African-American persons while at the same time telling white persons about available mobile homes and/or mobile home lots;

   b. Refusing to negotiate with African-American prospective tenants for rental;

   c. Making statements with respect to the rental of mobile homes and/or mobile home lots at Morgan Mobile Home Parks indicating a preference, a limitation, or discrimination based on race or color;

d.  Discouraging African-American persons from applying for a mobile home and/or mobile home lot while encouraging white persons to apply; and

e.  Subjecting female tenants at Morgan Mobile Home Parks to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment. Such conduct is alleged to have included, but is not limited to, unwanted verbal sexual advances; unwanted sexual touching; public masturbation; granting and denying tangible housing benefits based on sex; and taking adverse action against female tenants when they refused or objected to his sexual advances.

5.  The United States alleges that through this conduct Defendants have:

a.  Discriminated by refusing to rent, negotiate for the rental of, or by otherwise making unavailable or denying dwellings to persons because of race or color and sex, in violation of 42 U.S.C. § 3604(a);

b.  Discriminated against persons in the terms, conditions, or privileges of rental, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

c.  Discriminated by making, or causing to be made, statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on race or color, in violation of 42 U.S.C. § 3604(c);

d.  Discriminated by representing to persons because of race or color that dwellings are not available for rental when such dwellings are in fact so available, in violation of 42 U.S.C. § 3604(d); and

e. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

6. Defendants dispute and deny the allegations contained in Paragraphs 1 through 5.

7. On February 4, 2009, the Court consolidated the actions by the private Plaintiffs and the United States.

8. Mobile homes and mobile home lots are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

9. The parties agree that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 3614(a).

10. The United States, private Plaintiffs and Defendants have agreed that to avoid protracted and costly litigation, this controversy should be resolved without a trial. Therefore, the parties consent to the entry of this Consent Decree. It is understood and agreed that this Consent Decree is the compromise of disputed claims and is not to be construed as an admission of liability.

**ACCORDINGLY, It is hereby ADJUDGED, ORDERED and DECREED:**

**II. GENERAL INJUNCTION**

11. Defendants, their officers, agents, employees, successors and assigns, and all other persons in active concert or participation with them, are enjoined, with respect to the rental of dwellings, from:

a. Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a

- 4 -

dwelling unit to any person because of race, color or sex;

b.      Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of race, color or sex;

c.      Making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling unit that states any preference, limitation or discrimination based on race, color or sex;

d.      Misrepresenting to any person, because of race, color or sex, that a dwelling is not available for rental when a dwelling is available; or

e.      Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Fair Housing Act.

### III. INDEPENDENT MANAGER(S)

12.    Should either Defendant continue to have any direct or indirect ownership, management, or other financial interest in Morgan Mobile Home Parks and/or any residential rental properties (collectively "Subject Properties") after thirty (30) days of the entry of the Consent Decree or at any time while this Decree is in effect, then they shall retain or otherwise enter into an agreement with an individual or individuals, approved in advance by the United States (hereinafter "Manager(s)"), to manage the rental of the Subject Properties.  The Manager(s) shall be familiar with the requirements of the Fair Housing Act.

13. Within sixty (60) days after entry of this Consent Decree, Defendants shall submit the name(s) of proposed Managers to the United States for approval. The United States will indicate its approval or disapproval in writing within thirty (30) days of receiving the name(s) from Defendants. If the United States disapproves Defendants' proposed Managers, the United States shall state this disapproval in writing, along with the reasons for such disapproval. Defendants shall then have fourteen (14) days to submit additional proposed Managers for approval. The United States shall then have fourteen (14) days to indicate approval or disapproval in writing. If the United States then disapproves Defendants' proposed Manager(s), and Defendants believe that approval has been unreasonably withheld, Defendants shall have the right to petition the Court for approval.

14. If after retaining the independent Manager(s) the Defendants wish to change independent Manager(s), Defendants may do so, provided that any such subsequent Manager(s) must also be approved in advance by the United States and comply with the requirements described in this Consent Decree. Defendants will have fourteen (14) days from the date they learn of the previous Manager(s)' departure to propose a new Manager(s) for approval to the United States. During that period and the approval process described in Paragraph 13, Defendants may employ an interim independent manager.

15. Only the Manager(s) shall be responsible for showing and renting units, supervising repairs, setting rents and security deposits, determining whom to rent to and/or evict, overseeing all aspects of the rental process, and engaging in any other management activities.

16. Within sixty (60) days of the approval of the Manager(s), Defendants, Manager(s) and

any person involved in showing, renting or managing any dwelling unit, shall undergo in-person training on the Fair Housing Act at a reasonable location, with specific emphasis on discrimination on the basis of race or color and sex. The training shall be conducted by an independent, qualified third party, approved in advance by the United States, and any expenses associated with this training shall be borne by Defendants. Defendants shall obtain from the trainer certifications of attendance, executed by each individual who received the training, confirming their attendance. This confirmation shall include the name of the course, the name of the instructor, the date the course was taken, and the length of the course and/or time within which the course was completed. At a minimum, the training required shall consist of instruction on the requirements of all applicable federal and state housing discrimination laws, with an emphasis of race or color discrimination and sexual harassment, and a question and answer session for the purpose of reviewing the foregoing areas.

17. The Manager(s) shall be responsible for:

    a.   Posting a prominent, easily readable "For Rent" or "Vacancy" sign or notice at the entrance to the mobile home park, which shall include the slogan "Equal Housing Opportunity" and/or the fair housing logo whenever any dwelling unit at the Subject Properties is available to rent;

    b.   Posting and prominently displaying a full-size HUD fair housing poster (HUD Form 928.1) in a conspicuous location, such as the mailbox kiosk or entrance at each of the Subject Properties, and distributing an 8" x 11" copy of this poster to all new and prospective tenants;

c.      Requiring that all advertising conducted in newspapers, telephone directories, radio, television or other media, and all billboards, signs (including at the entrance to the property), pamphlets, brochures and other promotional literature, be in compliance with HUD advertising guidelines, formerly codified at 24 C.F.R. § 109 and presently available on the HUD website, www.hud.gov;

d.      Ensuring that all of its employees who will be performing any duties in relation to the Subject Properties are familiar with the requirements of the Fair Housing Act, particularly as they pertain to race or color discrimination and sexual harassment;

e.      Notifying the United States in the event the Manager(s) obtains any information indicating that any Defendant is in violation of this Consent Decree or the Fair Housing Act;

f.      Providing to the United States notification and documentation[1] of the following events, no later than fifteen (15) days after occurrence:

      1.      Any change in Defendants' rules or practices regarding the Nondiscrimination Policy discussed in Section IV, below, or the nondiscriminatory standards and procedures discussed in Section V.

      2.      Any written or oral complaint against Defendants, or Defendants' agents or employees, regarding discrimination in housing. If the complaint is

---

[1] All documents or other communications required by this Consent Decree to be sent to counsel for the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G Street N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ 175-20-110, or as otherwise directed by the United States. Facsimile transmissions shall be sent to (202) 514-1116.

written, the Manager shall provide a copy of it with the notification. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. Defendants shall promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of the substance of any resolution of such complaint; and

g. Providing any information reasonably related to compliance with this Consent Decree that is reasonably requested by the United States.

18. Within sixty (60) days of the approval of the Manager(s), and every six (6) months thereafter for the duration of this Consent Decree, the Manager(s) shall deliver to counsel for the United States a report containing information about Defendants' compliance efforts during the preceding reporting period, including but not limited to:

a. A list of all lessees at the Subject Properties and their telephone numbers, to the extent Defendants posses them. Defendants shall use their best efforts to secure working telephone numbers for all lessees;

b. Notification and documentation of the adoption and implementation of the Nondiscrimination Policy referred to in Section IV, below, including copies of all Employee Acknowledgment forms;

c. Notification and documentation of the adoption and implementation of the nondiscriminatory standards and procedures discussed in Section V, below;

d. Copies of standard rental applications and rental agreements, pursuant to Paragraph 23 of this Consent Decree;

- 9 -

e. Copies of all fair housing training certifications, pursuant to Paragraph 16 of this Consent Decree;

f. Copies of all written rental applications, leases and other information recorded by any means related to any inquiries regarding the availability of rental dwellings, maintained pursuant to Section V of this Consent Decree;

g. A list of all residential rental properties in which Defendants or their members have an ownership or management interest, in whole or in part, including the street address, the number of rental units at each property, and a description of the interest in the property;

h. Notification of any purchase, inheritance, or acquisition involving Defendants or any of their members of any change in ownership or management interest in Morgan Mobile Home Parks; and

i. Notification of any purchase, inheritance, or acquisition involving Defendants of any ownership or management interest in any residential rental property which is used or intended to be used as a dwelling as defined by 42 U.S.C. § 3602(b), and any sale, transfer, or other disposition of any interest in residential rental properties, including the identity of the purchaser(s) to whom the interest is being transferred.

19. Defendant Darwin K. Morgan shall refrain from entering the premises of any of the residential rental properties except that he may do so, when accompanied by the Manager(s), if it is necessary for him to inspect the property. However, in exigent circumstances requiring immediate aid or action, Defendant Darwin K. Morgan may enter

the premises of a residential rental property unaccompanied for the period of the exigency.

## IV.    NONDISCRIMINATION POLICY

20.    Defendants must implement, through the Manager(s), the written Nondiscrimination Policy set forth in Appendix A.  Within fifteen (15) days after the approval of the Manager(s), the Manager(s) must implement the Policy and distribute it to all employees and agents who have responsibility for showing, renting, or managing any and all dwelling units at the Subject Properties.  The Manager(s) shall secure a signed statement from each such agent or employee acknowledging that he or she has received and read the Consent Decree and the Nondiscrimination Policy, has had the opportunity to have questions about the Consent Decree and Nondiscrimination Policy answered, and agrees to abide by the relevant provisions of the Consent Decree and the Policy. This statement shall be in the form of Appendix B.

## V. NONDISCRIMINATORY STANDARDS AND PROCEDURES FOR SHOWING AVAILABLE DWELLING UNITS TO PROSPECTIVE TENANTS

21.    Within thirty (30) days from the approval of the Manager(s), Defendants shall develop and implement, with respect to the Subject Properties, objective, uniform, non-discriminatory standards and procedures for informing persons about and showing available dwelling units to prospective tenants, to include a standard rental application, waiting list, and lease.  Such standards and procedures shall be submitted to the United States for approval in advance of their implementation and shall be consistent with the provisions of this Section.  The standards and procedures shall be posted and prominently

displayed in any office where there is rental activity and/or personal contact with applicants, and a copy of these standards and procedures shall be made available upon request to any applicant for the rental of a dwelling. These standards and procedures may be modified only if written notice is given to counsel for the United States thirty (30) days before the proposed modifications are to take effect and the United States makes no objection thereto.

22. The nondiscriminatory standards and procedures discussed in Paragraph 21, above, shall include the use of the following documents, which Defendants shall update as new information becomes available, and retain for the duration of the Consent Decree:

    a.    Rental Applications: Manager(s) and/or their agents/employees shall provide and process rental applications on a non-discriminatory basis and shall maintain all rental applications, whether deemed complete or incomplete, and any correspondence about the availability of dwelling units. The rental application must include the following phrase in boldface type, using letters of equal or greater size to those of the text in the body of the document:

> We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, sex, national origin, religion, disability or familial status (having children under age 18).

    b.    Waiting Lists: Manager(s) and/or their agents/employees shall maintain waiting lists in a non-discriminatory manner and develop uniform standards for selecting individuals from the list, whether formally or informally maintained.

    c.    Leases: Manager(s) and/or their agents/employees shall enter into written leases

- 12 -

with prospective tenants in a non-discriminatory manner and develop uniform
standards for executing and maintaining the leases. Defendants shall make best
efforts to secure an executed lease with each existing tenant.

## VI. COMPLIANCE TESTING

23.     The United States may take steps to monitor Defendants' compliance with this Consent
Decree including, but not limited to, conducting fair housing tests at any location(s) in
which the Defendants or their employees or agents conduct rental activities.

## VII. COMPENSATION OF AGGRIEVED PERSONS

24.     Defendants shall pay a total of two hundred eighty thousand dollars ($280,000.00) in
monetary damages, costs and attorney's fees to the private Plaintiffs. Payment shall be
made in the form of a check made payable to the Attorney-Client Trust Account of
Brancart & Brancart. Within forty-five (45) days of the entry of this Consent Decree,
Defendants shall deliver, via overnight courier, the settlement check to Brancart &
Brancart, 8205 Pescadero Road, Loma Mar, CA 94021. Plaintiffs shall execute and
deliver a mutual release to counsel for Defendants before any funds are disbursed. As
part of this release, Plaintiff Teresa Odums will dismiss and release all claims arising
from any dispossessory action pending against Defendants.

25.     Defendants shall pay a total of three hundred and fifty thousand dollars ($350,000.00) in
monetary damages to persons whom the United States has identified as aggrieved
persons. A list of such persons (hereinafter "identified aggrieved persons") specifying the
amount to be paid to each person is attached as Appendix D. Within forty-five (45) days
of the entry of this Consent Decree, Defendants shall send via overnight courier to

- 13 -

counsel for the United States checks made payable to each such person, in the amounts listed in Appendix D. When counsel for the United States has received a check from Defendants payable to an aggrieved person and a signed release in the form of Appendix C, counsel for the United States shall deliver the check to the aggrieved person and the original, signed release to counsel for Defendants. No aggrieved person shall be paid until he/she has executed and delivered to counsel for the United States the release at Appendix C.

26. Defendants shall not seek to discharge any part of the compensation provided for in Section VII in bankruptcy.

## VIII. CIVIL PENALTY

27. Within forty-five (45) days after the entry of this Consent Decree, Defendants shall make a payment of fifty thousand dollars ($50,000) to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C). This payment shall be delivered to counsel for the United States in the form of a cashier's check payable to the "United States Treasury."

28. Defendants shall not seek to discharge any part of this civil penalty in bankruptcy.

## IX. ACQUISITION OR TRANSFER OF INTEREST IN RENTAL PROPERTIES

29. If at any time while this Decree remains in effect, any Defendant decides to sell or otherwise transfer the entirety of its interest in a subject property to an unrelated party in an arms-length transaction,[2] the Defendant shall take the following steps:

    a. At least thirty (30) days prior to completion of the sale or transfer, provide each

---

[2] For purposes of this Decree, "arms-length transaction" is defined as a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.

prospective purchaser or other transferee a copy of this Consent Decree along with written notice that the subject property remains subject to Sections II-VI and X-XIII of the Decree;

b. At least thirty (30) days prior to completion of the sale or transfer, provide the United States written notice of the Defendant's intent to sell or otherwise transfer interest in the property, along with a copy of the notice sent to each prospective purchaser or transferee, containing the latter's name, address and telephone number;

c. Within thirty (30) days following completion of the sale or other transfer, the Defendant shall provide the United States a copy of the documents memorializing the transfer in interest of the property; and

d. The Defendant shall require the transferee, as a condition of the sale or other transfer, to agree in writing to perform all obligations and be liable for compliance with Sections II-VI and X-XII of this Consent Decree for the duration of the Decree, with respect to the property.

30. If the Defendant complies with Paragraph 29a-d, and transfers all ownership, management, or other financial interest in the subject property to an arms-length purchaser or other transferee, and if the Defendant has no ownership, management, or other financial interest in any other residential rental property, then the Defendant shall thereafter be relieved of obligations under this Consent Decree with regard to the Subject Properties. Transfer of interest in the Subject Properties does not relieve any Defendant of obligations under Sections II, VII, and VIII of this Decree.

- 15 -

31. If the proposed transfer of interest is not an arms-length transaction, the Defendant must comply with the requirements of Paragraph 29a-d. In addition, the Defendant shall remain jointly and severally liable, along with the purchaser or other transferee, for any violations of Sections II-VI and X-XII of this Decree for its duration.

32. If at any time while this Decree remains in effect, any Defendant decides to acquire an ownership, management, or other financial interest in any other residential rental property, either in whole or in part, the Defendant shall notify the United States in writing at least thirty (30) days before completion of the transaction, providing the name and address of the property and the identity of the manager(s) of the property, and that property shall be subject to the provisions of this Decree for its duration. In addition, within thirty (30) days following completion of the purchase, the Defendant shall provide the United States (a) a statement specifying the nature of the Defendant's interest in the property and a copy of the documents memorializing the acquisition of that interest; (b) the number of individual dwelling units at the property; (c) the names of any existing tenants; and (d) the race and sex of each such tenant, based on the good faith observation of the Defendant or the Defendant's employee or agent.

## X. SCOPE AND DURATION OF CONSENT DECREE

33. The provisions of this Consent Decree shall apply to all of Defendants' officers, agents, employees, successors and assigns, and all persons acting in active concert or participation with them.

34. This Consent Decree shall remain in effect for four (4) years after the date of its entry.

35. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce its

- 16 -

terms, after which time the case shall be dismissed with prejudice.

36. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.

## XI.  TIME FOR PERFORMANCE

37. Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties.  The other provisions of this Decree may be modified by written agreement of the parties or by motion to the Court.  If the modification is by written agreement of the parties, then such modification will be effective upon filing of the written agreement with the Court, and shall remain in effect for the duration of the Decree or until such time as the Court indicates through written order that it has not approved the modification.

## XII.  MISCELLANEOUS

38. From the execution of this Consent Decree and during the period in which this Consent Decree is in effect, Defendants shall preserve all records that are the source of, contain, or relate to any of the information pertinent to their obligations under this Decree, including, but not limited to, all guest cards, availability lists, waiting lists, rental applications, leases, rental roll ledgers, and occupancy lists.  Upon reasonable notice to counsel for Defendants, representatives of the United States shall be permitted to inspect and copy all such records at any and all reasonable times or, upon request by the United States, Defendants shall provide copies of such documents.

39. The parties will bear their own costs and attorneys' fees associated with this litigation.

**IT IS SO ORDERED** this 23rd day of June, 2010.

JUDGE A. RANDAL HALL
UNITED STATES DISTRICT COURT

By their signatures below, the parties consent to the entry of this Decree:

Dated: June 23, 2010

Respectfully submitted,

**For the United States:**

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

EDWARD J. TARVER
United States Attorney
Southern District of Georgia

STEVEN H. ROSENBAUM
Chief
MICHAEL S. MAURER
Deputy Chief

DELORA KENNEBREW
Assistant United States Attorney
P.O. Box 8970
Savannah, GA 31412
Tel: (912) 652-4422
Fax: (912) 652-4388

KATE S. ELENGOLD
M. ELIZABETH PARR
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 514-4713
Fax: (202) 514-1116
kate.elengold@usdoj.gov
elizabeth.parr@usdoj.gov

**For Plaintiffs Savannah-Chatham County Fair Housing Council, Jerald Williams, Amanda Williams and Teresa Odums:**

CHRISTOPHER BRANCART
Brancart & Brancart
P.O. Box 686
Pescadero, CA 94060
(650) 879-0141
cbrancart@brancart.com

**For Defendants Darwin K. Morgan and D.K. Morgan Consolidated, LLC:**

R. BRANDON GALLOWAY
Galloway & Galloway, P.C.
P.O. Box 674
Pooler, GA 31322
(912) 748-9100

## Appendix A

## NONDISCRIMINATION POLICY

It is the policy of D. K. Morgan Consolidated, LLC to comply with Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act, by ensuring that apartments are available to all persons without regard to race, color, religion, national origin, disability, familial status (having children under age 18), or sex. This policy means that, among other things, D.K. Morgan Consolidated, LLC and Darwin K. Morgan and all their agents and employees with the responsibility for renting, managing, or administering any dwelling units must not discriminate in any aspect of the rental of dwellings against applicants or tenants because of race or color or familial status. Similarly, they shall not engage in any illegal sexual harassment of tenants or potential tenants. Such agents and employees may not:

A. Refuse to rent, refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, national origin, disability, familial status, or sex;

B. Discriminate against any person in the terms, conditions or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, national origin, disability, familial status, or sex;

C. Make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, national origin, disability, familial status, or sex;

D. Represent to persons because of race, color, religion, national origin, disability, familial status, or sex that any dwelling is not available for inspection or rental when such dwelling is in fact so available; or

E. Coerce, intimidate, threaten, or interfere with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under the Fair Housing Act.

Any agent or employee who fails to comply with this Nondiscrimination Policy will be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in unequal service to, treatment of, or behavior toward tenants or actual or potential applicants on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws. Any tenant or applicant who believes that any of the above policies have been violated by any owner, agent, or employee should file a written complaint with the Manager(s) at Morgan Mobile Home Parks. The Manager(s) shall immediately investigate the complaint and take the necessary remedial actions. An individual who believes that he or she is the victim of discrimination may also contact the U.S. Department of Housing and Urban Development at 1-800-440-8091 x 2493, or the U.S. Department of Justice at 1-800-896-7743 x1 or 202-514-4713.

## Appendix B

## EMPLOYEE ACKNOWLEDGMENT

I acknowledge that on _____, 201_, I was provided copies of the

Consent Decree entered by the Court in United States, et al v. Morgan, et al., Civil Action

No.4:07-cv-125 (S.D. Ga.), and the Nondiscrimination Policy of D.K. Morgan Consolidated,

LLC. I have read and understand these documents and have had my questions about these

documents answered. I understand my legal responsibilities and shall comply with those

responsibilities.


_____
Signature

_____
Print Name

_____
Job Title

_____
Home Address

_____
Home Address Continued

_____
Home Telephone Number

_____
Date

**Appendix C**

## FULL AND FINAL RELEASE OF CLAIMS

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of <u>United States, et al</u> v. <u>Morgan, et al.</u>, as approved by the United States District Court for the Southern District of Georgia, and in consideration for the payment of $ _____ , I, _____ , do hereby fully release and forever discharge D.K. Morgan Consolidated, LLC and Darwin K. Morgan (hereinafter "Defendants"), along with their insurers, attorneys, related companies, principals, predecessors, successors, assigns, affiliates, partners, directors, officers, agents, employers, sharcholders, subsidiaries, employees, former employees, heirs, executors, and administrators and any persons acting under their respective direction or control from any and all claims set forth, or which could have been set forth, in the Complaint in this lawsuit that I may have had against any of them for any of Defendants' actions or statements related to those claims through the date of the entry of the Consent Decree.

Executed this _____ day of _____ , 2010.

_____
Signature

_____
Print Name

_____
Home Address

_____
Home Address Continued

## Appendix D

| **Identified Aggrieved Person** | **Amount** |
| --- | --- |
| Shirley Collins | $50,000 |
| Wanda Furlong | $50,000 |
| Dawn Grimmer | $50,000 |
| Carolyn Jones | $20,000 |
| Maxie Ortnor | $25,000 |
| Dorothy Richardson | $20,000 |
| Swinton Richardson | $20,000 |
| Janalee Smith Sawyer | $50,000 |
| Marilyn Spikes | $25,000 |
| Misty Summers | $20,000 |
| Tony Williams | $20,000 |